## DALMAS et al. v. STATHATOS.
## THE MARIA STATHATOS.

United States District Court
S. D. New York.
March 31, 1949.

Arkin, Lebovici & Kottler, New York City (Herbert Lebovici, New York City, of counsel), for libelants.

Dow & Symmers, New York City, Appearing Specially for S/S Maria Stathatos (Anthony N. Zock, of New York City, of counsel), for respondents.

RYAN, District Judge.

Respondents address this motion to the discretion of the court seeking that it decline jurisdiction of this suit in admiralty. There is no question, and respondents do not dispute, that the court has jurisdiction of the suit and of respondents.

Libelants, eighteen Greek seamen who served aboard the S/S Triton, a ship flying the Greek flag, claim against D. D. Stathatos and the S/S Maria Stathatos, (also flying the Greek flag), for salvage services rendered that vessel. The original libel named one Anthony D. Stathatos as a respondent, but by agreement the libel has

been amended to name D. D. Stathatos as respondent and respondents' proctors have agreed to enter a general appearance on behalf of D. D. Stathatos. The S/S Maria Stathatos was libeled when it arrived within the jurisdiction of this court; libelants released the vessel from the libel upon receipt of a letter from D. J. Negroponte guaranteeing payment of any award in favor of libelants to the amount of $15,000. the amount sought in the libel.

The salvage services were rendered by the S/S Triton to the S/S Maria Stathatos in the Pacific Ocean. The Triton took the Stathatos in tow on December 19, 1948 and towed her until December 27, 1948 when the latter was turned over to a tug at a point approximately 800 miles from Vancouver, B. C. After surrendering her tow, the Stathatos proceeded to a port in Oregon. Prior to releasing the Stathatos to the tug, attorneys representing the Triton, her master and about 50% of her crew, but not libelants herein, required the Stathatos' underwriters in England to post a bond of $100,000. to satisfy salvage claims of the Triton, her owners and "the entire crew" (according to respondents.).

The "owners" of the Stathatos and the Triton entered a contract known as the Lloyd's Standard Form of Salvage Agreement with the amount of salvage to be determined by arbitration in London. Said arbitration proceedings are now pending there.

Respondents assert that a more appropriate forum for this suit is in the arbitration proceedings in England, and that, in any event, this court should not retain jurisdiction because it will be required "to apply foreign law, either English or Greek, in settling a dispute between two Greek vessels and Greek seamen." This position is not well taken. Certainly, libelants herein are not bound by the arbitration agreement, nor is such asserted by respondents. The court could not rightly force libelants to participate in proceedings to which they have not agreed to be made parties. No problem of foreign law is here involved, for it is well settled that "salvage is a question arising under the jus gentium and does not ordinarily depend upon the municipal laws of particular countries." Usatorre v. Compania Argentina Navegacion Mihanovich, Ltda., D.C.S.D.N.Y. 1942, 49 F. Supp. 275, 277.

The court, in the exercise of its discretion, is not disposed to decline jurisdiction of this suit. As far as libelants are concerned, this forum is as appropriate and convenient as any other. Concerning the respondents, the Stathatos has been operated from the United States for the last several years. The vessel is owned principally by D. D. Stathatos who appears generally in this action, and is operated and managed from the office of D. J. Negroponte located in New York City. Furthermore, libelants have secured a guarantee from Negroponte securing payment of any award to them in this court. They might not be able to obtain such guarantee elsewhere if the court were to decline jurisdiction.