**Theodoros BARKAS et al., Libelants,**

**CIA NAVIERA CORONADO, S. A. and THE VASSILIS,** her engines, tackle, boilers and appurtenances, Respondents.

United States District Court,
S. D. New York.

Dec. 28, 1954.

Lebovici & Safir, New York City, Herbert Lebovici, New York City, of counsel, for libelants.

Haight, Deming, Gardner, Poor & Havens, New York City, Charles S. Haight, Gordon W. Paulsen, New York City, of counsel, for respondent.

McGOHEY, District Judge.

Libelants, members of the crew of the S. S. Ocean Ranger, have libeled the vessel S. S. Vassilis and the Cia Naviera Coronado, her owner, for salvage services rendered by them to the vessel. The vessel has not been arrested, but assets in the amount of $100,000 of the owner corporation have been attached in this jurisdiction under Writ of Foreign Attachment.

Respondents move to vacate the Writ of Foreign Attachment and to dismiss the libel and complaint.

Both vessels are of Panamanian registry. It is alleged by respondents that "most" of the crew are non-resident aliens. The corporate respondent is a Panamanian corporation. That the Ocean Ranger and its crew performed salvage services is not disputed. However, the masters of the respective vessels had entered into a Lloyd's Form of Salvage Agreement, "no cure, no pay," which includes a provision for the Arbitration of Disputes before an Arbitrator of the Committee of Lloyds. Arbitration thereunder has been begun in London where the master, other crew members, the owner and charterer continue in the arbitration proceedings. In connection with those proceedings the respondent has posted $75,000 security.

Respondents, while admitting this court's jurisdiction, urge that it decline to entertain the suit, since the parties are not United States residents, nor are the vessels of United States registry. Further they say the respondents should not be forced to litigate both here and in London, to bear the hardship of posting of double security.

That the court may in its discretion decline jurisdiction is well established.[1] Equally well established is the principle that if the claim arises under the jus gentium, the United States court should take jurisdiction unless special grounds are shown why it should not.[2] A claim for a salvage award has long been considered as arising under the jus gentium rather than local law.[3] The fact that the owner or master may have entered into an agreement or reached a settlement cannot defeat the right of an individual crew member to enforce his own salvage claim unless he has ratified or assented to the agreement.[4] It is not urged that the respondents and individual libelants have a common forum, despite the common registry of the vessels. In any event, this forum is as convenient as London for Panamanian parties. The libelants have a right to sue here on a claim which this court is competent to adjudicate. They have acquired security by Writ of Foreign Attachment here, and no cogent reasons appear why they should not be permitted to proceed here. The institution in another forum of arbitration proceedings to which libelants are not parties and which are not binding on them is not persuasive on the discretionary question now before me.

Motion denied.

Settle order.

---

1. Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008; The Belgenland, 1885, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; The Maggie Hammond, 1869, 9 Wall. 435, 76 U.S. 435, 19 L.Ed. 772.

2. The Belgenland, 1885, 114 U.S. 355, 5 S.Ct. 860.

3. The Bee, Fed.Cas.No.1,219; Usatorre v. Compania Argentina Navegacion Mihano-vich, D.C.N.Y.1942, 49 F.Supp. 275, reversed on other ground Usatorre v. The Victoria, 2 Cir., 1949, 172 F.2d 434; Dalmas v. Stathatos, D.C.N.Y., 84 F. Supp. 828, 1949 A.M.C. 770.

4. The Neptune, 2 Cir., 1921, 277 F. 230; The Lowther Castle, D.C.N.J.1912, 195 F. 604, cited in the foregoing; Squires v. The Ionian Leader, D.C., 100 F.Supp. 829.